UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEISHA JEAN DOYLE,

    Plaintiff,

v.                                              Case No. 1:18-cv-360
                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

This matter has a lengthy history, which the administrative law judge (ALJ) summarized as follows:

> On March 31, 2009, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 23, 2008. The claim was denied initially, and upon reconsideration. The claimant appeared and testified at a hearing held on September 23, 2011 in Akron, Ohio. An unfavorable decision was initially issued in the case on October 12, 2011. (4A) This decision was remanded by the Appeals Council. (5A)
>
> The claimant returned for a new hearing on October 9, 2013. The judge then issued a partially favorable decision on November 19, 2013. The claimant appealed this decision. This decision is before me on remand from the Appeals Council pursuant to a remand from the United States District Court for the Western District of Michigan. (10A) Pursuant to the District Court remand order, the Appeals Council directed a new judge to evaluate Dr. Marciano's opinion; redetermine residual functional capacity in light of new opinion evidence; and obtain vocational expert testimony. (10A)

1

PageID.273.

As discussed, plaintiff alleged a disability onset date of September 23, 2008. PageID.651. Plaintiff was involved in an auto accident on November 14, 2006, and had spinal fusions in July 2007 and November 2008. PageID.655. Her symptoms include chronic headaches, severe muscle tightness in upper back and neck, and tingling in her right hand. *Id*. She has daily pain and side effects from medication which include fatigue and mental health problems. *Id*. Prior to applying for DIB, plaintiff completed a bachelor's degree, obtained a phlebotomy certificate, and had past employment as a public health service officer, clinical coordinator, claims adjudicator, and case manager. PageID.286, 306, 664. An ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 1, 2016. PageID.288.[1] This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

I.     **LEGAL STANDARD**

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

---

[1] Although the ALJ's decision is dated August 1, 2016, the Court notes that defendant refers to the decision as "the July 2016 decision." PageID.1586.

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

3

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ entered this decision on August 1, 2016. PageID.288. Upon initial review of this case, the Court concludes that the decision is fundamentally flawed because the ALJ found that plaintiff was not disabled through her date last insured of December 31, 2016, *i.e.*, a date almost five months *after* the ALJ's decision. *See* PageID.288 ("The claimant was not under a disability, as defined in the Social Security Act, at any time from September 23, 2008, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g))."). In this regard, each of the ALJ's findings throughout the five-step analysis were made through plaintiff's date last insured of December 31, 2016. PageID.275-276, 277-278, 286-288. Because the ALJ did not review any evidence of plaintiff's condition from August 2, 2016 through December 31, 2016, he had no factual basis to find that plaintiff was not disabled during that time period.

The ALJ explicitly found that plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2016." PageID.275. Despite the ALJ's explicit findings that plaintiff's date last insured was December 31, 2016, defendant seeks to re-write the ALJ's

4

decision to identify the date last insured as December 31, 2013 and characterize the references to December 31, 2016 as harmless error. Defendant's Brief (ECF No. 15, PageID.1587-1588). In this regard, defendant points to a reference in the ALJ's decision, *i.e.*, "[t]he gap in treatment for more than one year after the December 2013 date last insured is not consistent with the level of limitation alleged" (PageID.283, 1588) and referencing records from November 2014 which the ALJ described as "nearly a year after her date last insured" (PageID.285, 1588).

Contrary to defendant's contention, the ALJ's references to plaintiff's date last insured as both December 31, 2013 and December 31, 2016 are not harmless errors. As written, the ALJ's decision is internally inconsistent and his explicit findings are not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *McKnight*, 927 F.2d 241.

**III. Conclusion**

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-issue a decision which identifies plaintiff's date last insured and which addresses plaintiff's condition based on the evidence which existed as of August 1, 2016. A judgment consistent with this opinion will be issued forthwith.


Dated: September 18, 2019                /s/ Ray Kent
                                         United States Magistrate Judge